IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CROSSFIRST BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0117-D |
| | § | |
| GARRETT JOHNSON and | § | |
| HARD KNOX HOLDINGS, LLC, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

This is an action by Busey Bank ("Busey"), as successor by merger to plaintiff

CrossFirst Bank ("CrossFirst"), against defendants Garrett Johnson ("Johnson") and Hard

Knox Holdings, LLC ("Hard Knox") for breach of contract, breach of promissory note, and

breach of guaranty. Busey moves for summary judgment in a motion that the court treats as

a motion for partial summary judgment. For the reasons that follow, the court grants Busey's

motion.

I

This suit arises from defendants' alleged failure to pay amounts due under a

promissory note ("Note"). The undisputed facts are as follows.[1] In May 2021 Hard Knox

executed the Note, which was payable to CrossFirst. At the same time, Hard Knox and

---

[1]Although the material facts are undisputed, the court summarizes the evidence in the light most favorable to Johnson and Hard Knox as the summary judgment nonmovants and draws all reasonable inferences in their favor. *See Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

CrossFirst entered into a credit agreement ("Credit Agreement"). Hard Knox promised under the Note's terms to repay CrossFirst the principal sum of $2 million, subject to adjustment according to the terms of the Credit Agreement. Johnson also executed a guaranty ("Guaranty"), personally guaranteeing payment and performance of Hard Knox's obligations under the Note and Credit Agreement. Johnson and Hard Knox failed to pay the amount due under the Note and Credit Agreement.

In May and June 2023 CrossFirst gave Hard Knox and Johnson written notice of default and acceleration. CrossFirst and Hard Knox subsequently entered into a forbearance agreement and amended the Credit Agreement to add a borrower.[2] But in January 2025 CrossFirst sent Hard Knox a third notice of default and acceleration, which stated that Johnson and Hard Knox had continued to default on their obligations under the Note and Credit Agreement. CrossFirst then brought this action, asserting state-law claims for breach of contract, breach of promissory note, and breach of guaranty.

After CrossFirst filed its original complaint ("complaint"), Busey's parent company acquired CrossFirst. CrossFirst merged into Busey, which assumed all of CrossFirst's property and interests. Without moving to substitute as a party-plaintiff under Fed. R. Civ. P. 25(c), Busey filed the instant motion seeking summary judgment on CrossFirst's claims for breach of promissory note and breach of guaranty. Defendants oppose the motion and

---

[2]That borrower was former defendant American Select Partners, LLC ("ASP"), who was named as a defendant in CrossFirst's original complaint, but dismissed without prejudice by the court on CrossFirst's motion.

specifically challenge Busey's participation in the case.  The court is deciding the motion on the briefs, without oral argument.[3]

## II

Busey's motion does not address the breach of contract claim alleged in CrossFirst's complaint.  Because it is error to grant summary judgment on a ground not raised, the court construes Busey's motion as a motion for partial summary judgment and declines to consider a claim that the parties did not brief.  *See Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

## III

The court turns initially to defendants' objection to Busey's participation in this suit. Defendants contend that Busey lacks standing to move for summary judgment because it is not a party.  Busey responds that it can participate as Crossfirst's successor in interest by merger.

Rule 25(c) provides, in pertinent part, that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted . . . or joined with the original party."  "A 'transfer of interest,' as described in Rule 25(c), includes circumstances where a corporation is the successor to the original corporate party by merger."  *Wilson v. Deutsche Bank Tr. Co. Ams.*, 2019 WL 5840325, at *3 (N.D. Tex. Nov. 7, 2019) (Fitzwater, J.) (quoting *IDQ Operating, Inc. v.*

---

[3]Busey has also filed a motion to compel discovery responses, which the court will decide separately in due course.

- 3 -

*Aerospace Commc'ns Holdings Co.*, 2016 WL 6877772, at *1 (E.D. Tex. July 5, 2016)).

Rule 25(c) does not require a successor by merger to file a motion to substitute or any other motion before asserting its interests in the action. *See FDIC v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (per curiam) (holding that because of "Rule 25's wholly permissive terms," a plaintiff-transferee is "not required under Rule 25(c) and (a)(3) to substitute as a transferee" before filing a revival motion); *see also Fairport Ventures, LLC v. Beneficial Fin. I, Inc.*, 2017 WL 7806388, at *1 (S.D. Tex. July 6, 2017) (concluding that a transferee "properly stands in the shoes of [the initial party] as [its] successor in interest" and is not required to file a separate substitution motion before moving for summary judgment). As a learned treatise explains:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.
> The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party.

7C Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1958 at 696-701 (2007) (footnotes omitted).

In the appendix to its summary judgment motion, Busey has included evidence of its merger with CrossFirst, such as the merger agreement and certificate of merger. The merger

- 4 -

transferred all CrossFirst's property, debts, and interests to Busey. Defendants do not dispute that this transfer included CrossFirst's rights under the Credit Agreement and Note. The court therefore concludes that Busey is a transferee as contemplated by Rule 25(c) and that Busey may continue this action and secure a binding judgment against Johnson and Hard Knox.

IV

The court now considers whether Busey is entitled to summary judgment on its claims for breach of promissory note and breach of guaranty.

Where, as here, the summary judgment movant will have the burden of proof on a claim at trial, the movant "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that the movant is entitled to judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Once the movant makes this showing, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact

for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "To carry this burden, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Express Working Cap., LLC v. One World Cuisine Grp., LLC*, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018) (Ramirez, J.) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *rec. adopted*, 2018 WL 4210142 (N.D. Tex. Sept. 4, 2018) (Scholer, J.). "The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in [its] favor." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

V

The court first considers whether Busey is entitled to partial summary judgment on its breach of promissory note claim.

A

A promissory note is "[a]n unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person." *Charles R. Tips Fam. Tr. v. PB Com.*, 459 S.W.3d 147, 152 n.2 (Tex. App. 2015, no writ) (quoting Promissory Note, BLACK'S LAW DICTIONARY (10th ed. 2014)). Although a promissory note is a type of contract, the elements of breach of a promissory note differ from those required for a breach of contract claim. *See Dorsett v. Hisp. Hous. & Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App. 2012, no writ). Under Texas

- 6 -

law:[4]

> To prevail on a motion for summary judgment to enforce a promissory note, a plaintiff must establish that: (1) a note exists, (2) the plaintiff is the legal owner and holder of the note, (3) the defendant is the maker of the note, and (4) a certain balance remains due and owing on the note.

*Express Working Cap.*, 2018 WL 4214349, at *4 (quoting *Suttles v. Thomas Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App. 2004, no writ)); *see also Resol. Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995). "Suits on promissory notes are particularly suited for disposition by summary judgment." *Fed. Sav. & Loan Ins. Corp. v. Atkinson-Smith Univ. Park Joint Venture*, 729 F. Supp. 1130, 1132 (N.D. Tex. 1989) (Fitzwater, J.) (citing *FDIC v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) ("[S]uits on promissory notes provide fit grist for the summary judgment mill.")).

B

To meet its summary judgment burden, Busey has included copies of the Note and Credit Agreement in the appendix to its motion. The Note memorializes Hard Knox's promise to pay CrossFirst the principal sum of $2 million plus interest, subject to the terms of the Credit Agreement. Busey has also included defendants' admissions, which include

---

[4]The parties appear to assume that Texas law governs Busey's state-law claims. This may be so because the Credit Agreement, Note, and Guaranty contain choice-of-law provisions that select Texas law as the governing law. Because the issue is uncontested, the court will assume *arguendo* that this assumption is correct. *See Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 534 n.1 (5th Cir. 2003) (explaining that a court need not address choice of law issues *sua sponte*, unless they bear on the court's subject matter jurisdiction).

that: (i) the copy of the Note attached to the complaint is a true and correct copy; (ii) defendants executed the Note; and (iii) defendants have not paid the full amount due under the Note. Busey has also attached a declaration of Brian Bowers ("Bowers"), its vice president and special assets supervisor, which contains an itemization of the alleged $2,290,139.03 balance due on the Note, consisting of principal, accrued interest, and late fees.

Defendants dispute only the fourth element of Busey's claim, contending that Busey's allegation of the balance due is conclusory and therefore insufficient to carry its summary judgment burden. Defendants have attached to their response brief Johnson's declaration, in which he avers that Hard Knox has made payments under the Credit Agreement that Busey has not accounted for in its calculation of the balance due.

C

Busey has met its burden of establishing beyond peradventure the elements of its breach of promissory note claim. Busey has produced undisputed evidence that establishes the existence of the Note, Busey's status as CrossFirst's successor in interest and holder of the Note, Hard Knox's execution of the Note, and the failure to pay the full amount due.

And contrary to defendants' contention, Bowers' declaration is sufficient to carry Busey's burden to establish the amount due under the Note. "Generally, an affidavit by a bank employee that sets forth the total balance due on a note is sufficient to sustain an award of summary judgment." *Park Cities Bank v. Lee*, 2012 WL 833189, at *3 (N.D. Tex. Mar. 12, 2012) (Kinkeade, J.). "A lender does not need to file detailed proof with calculations

reflecting the balance due on a note." *Id.* "Courts have upheld summary judgments based on affidavits that simply identified a promissory note and a lump sum figure as the principal balance and interest due and ow[ed] by the nonmovant on that note." *Id.* (quoting *Hudspeth v. Inv. Collection Servs. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex. App 1998, no writ). Here, the Credit Agreement outlines the interest and late charge calculation methods, including the applicable rates of interest. *See* P. App. (ECF No. 25) Ex. 1 at 7-8; *see also Park Cities Bank*, 2012 WL 833189, at *3 ("[T]he summary judgment evidence must establish the applicable rate of interest on a note as a matter of law."). And Bowers avers in his declaration that, based on these calculation methods, the balance due as of November 6, 2025 was $2,290,139.03, which includes principal, accrued interest, and late fees. *See* P. App. (ECF No. 25) Ex. 4 ¶ 17. This evidence is sufficient to satisfy Busey's summary judgment burden with respect to the fourth element of its breach of promissory note claim.

The burden therefore shifts to defendants to point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. Defendants refer only to Johnson's assertion in his declaration that Busey's calculation of the balance due does not account for payments made by Hard Knox. But defendants do not point to any evidence in the record that demonstrates when Hard Knox made these alleged payments or the amounts paid. Nor have defendants offered an alternative calculation of the amount due. Johnson's single, nonspecific assertion is therefore insufficient to preclude summary judgment. *See In re Highland Cap. Mgmt., L.P.*, 116 F.4th 422, 432 (5th Cir. 2024) ("When we have found a party's single affidavit sufficient to preclude summary judgment, the evidence is much

more specific and consistent."); *Chrissos v. PlainsCapital Bank*, 2025 WL 3187169, at *12 (Tex. App. Nov. 13, 2025) (mem. op.) (concluding that affidavit that stated the defendant was unaware whether the plaintiff's calculation of the amount due included previous payments, did not raise genuine issue of material fact).

Accordingly, Busey is entitled to summary judgment on its breach of promissory note claim.

VI

The court now considers Busey's breach of guaranty claim.

A

"A guaranty is a promise to a creditor by a third party to pay a debt on behalf of a principal in the event that the principal defaults on the original obligation." *Chahadeh v. Jacinto Med. Grp., P.A.*, 519 S.W.3d 242, 246 (Tex. App. 2017, no writ) (citing *Republic Nat'l Bank of Dall. v. Nw. Nat'l Bank of Ft. Worth*, 578 S.W.2d 109, 114 (Tex. 1978)). The elements of a breach of guaranty claim are: "(1) the existence and ownership of a guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform by the guarantor." *Id.* "Courts construe unambiguous guaranty agreements as any other contract." *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 7 (Tex. 2014).

B

Busey is entitled to summary judgment on its breach of guaranty claim. Defendants admit that the copy of the Guaranty included in Busey's appendix is a true and correct copy.

- 10 -

As CrossFirst's successor in interest by merger, Busey is the owner of the Guaranty. According to the Guaranty's terms, Johnson unconditionally and irrevocably agreed to make timely and prompt payment of the amount due in the event that Hard Knox defaulted on the Note and Credit Agreement. Defendants acknowledge that Hard Knox has not paid the full amount due under the Note, and they do not dispute that this nonpayment constitutes a monetary default under the express terms of the Credit Agreement. Given this monetary default, Johnson's obligations under the Guaranty were triggered. By his own admission, Johnson acknowledges that he has not paid Busey the full amount due. The undisputed summary judgment evidence therefore establishes beyond peradventure the elements of Busey's breach of guaranty claim.

As with Busey's breach of promissory note claim, defendants contest Busey's calculation of the amount due. But for the same reason that Johnson's declaration fails to create a material fact issue with respect to Busey's promissory note claim, it fails to do so as to Busey's breach of guaranty claim. *See Martin v. First Republic Bank, Ft. Worth, N.S.*, 799 S.W.2d 482, 485 (Tex. App. 1990, no writ) (guarantors' assertion of lack of information regarding how interest was calculated did not preclude summary judgment). Accordingly, the court grants summary judgment on Busey's breach of guaranty claim.

*    *    *

Treating Busey's motion for summary judgment as a motion for partial summary

judgment, the court grants Busey's motion.

**SO ORDERED**.

January 9, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE