IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CROSSFIRST BANK,                            §
                                            §
                Plaintiff,                   §
                                            §   Civil Action No. 3:25-CV-0117-D
VS.                                         §
                                            §
GARRETT JOHNSON and                         §
HARD KNOX HOLDINGS, LLC,                    §
                                            §
                Defendants.                  §

MEMORANDUM OPINION
AND ORDER

The March 17, 2026 motion of Busey Bank, successor-by-merger to CrossFirst Bank ("Busey Bank"), for severance of claim against defendant Garrett Johnson ("Johnson") is granted as set out below.*

The court concludes that the automatic stay under 11 U.S.C. § 362(a)(1), arising from the Chapter 7 bankruptcy filing of defendant Hard Knox Holdings, LLC ("Hard Knox") (Case No. 26-30838-swe7, N.D. Tex. Bankr.), does not extend to Johnson, a nonbankrupt codefendant. *See Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1025 (5th Cir. 2012) ("The automatic stay does not generally apply to . . . guarantors[.]"); *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983).

According to the guaranty agreement, Johnson may be liable to Busey Bank irrespective of Hard Knox's bankruptcy filing, and Busey Bank need not exhaust rights or remedies against Hard

---

*Although Busey Bank's reply brief is not due until tomorrow, the court is ruling in its favor, and Busey Bank has requested expedited consideration of its motion. Accordingly, as permitted by N.D. Tex. Civ. R. 7.1(f), the court in its discretion is deciding this motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

Knox before seeking to enforce Johnson's payment obligations. *See Edwards Fam. P'ship, L.P. v. Dickson*, 821 F.3d 614, 617-18 (5th Cir. 2016) (concluding that summary judgment against guarantor was not premature although borrower had commenced bankruptcy proceedings); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 717 (5th Cir. 1985) (affirming denial of automatic stay with respect to guarantors). The court's order administratively closing this action was not a final determination that the automatic stay applies to Johnson, and it should not be read as inconsistent with the court's instant conclusion that Busey Bank can proceed against Johnson without violating the automatic stay. The court also concludes that severance of the claim against Johnson is warranted to prevent prejudice to Busey Bank and to promote judicial economy. *See* Fed. R. Civ. P. 21.

Accordingly, it is ordered that Busey Bank's action against Johnson is severed pursuant to Fed. R. Civ. P. 21. The clerk of court is directed to docket Busey Bank's action against Johnson as a separate civil action and assign it to the undersigned.

It is further ordered that clerk of court docket in the new civil action the judgment entered contemporaneously with this memorandum opinion and order in favor of Busey Bank against Johnson.

It is further ordered that the action by Busey Bank against Hard Knox remains stayed pursuant to the automatic stay of 11 U.S.C. § 362(a)(1) and remains administratively closed.

**SO ORDERED**.

March 26, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 2 -